MEMO ENDORSED

Case 1:15-cv-04305-KPF-BCM   Document 93   Filed 07/06/17   Page 1 of 2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 6, 2017

# GREGORY ANTOLLINO
## ATTORNEY AT LAW
GREG@ANTOLLINO.COM

275 SEVENTH AVENUE, SUITE 705　　　　　　　　　　　　　　　　　　TEL. (212) 334-7397
NEW YORK, NEW YORK 10001　　　　　　　　　　　　　　　　　　　FAX (212) 334-7399

July 5, 2017

Judge Katherine Polk Failla
U.S. District Judge
40 Centre Street
New York, NY 10007

RE: <u>Vasquez v. NY Heating Corp.</u>, 15-cv-4305 (KPF)

Dear Judge Failla:

      In response to Mr. Milano's letter of 7/5, it appears that I was wrong. If only in part, I was wrong. While I searched my office for a physical transcript, I did not search emails. Even if I had done so, my email program crashed sometime before 8/16/16 due to continually upgrading technology. It simply did not occur to me that the transcript would be served in manuscript form by email, but it appears I walked myself into that eventuality by asking for it (something I'll never do again). I'll accept the assertion that I received it electronically and apologize for the last minute motion, and my search, which was imperfect. If ever I must find an email before 8/16/16, I must take the computer in for service. It did not occur to me to do that, so I apologize.

      I nevertheless believe that fairness permits my client to fill in the missing lines. The defense made an issue of this issue at the last minute. Rule 37(a)(1) states that "a motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." What the defendant did was within its broad rights, but less than within the spirit of Rule 37: Essentially to drop a bomb at the last minute as I was writing an important brief – that Mr. Milano asked me about and that affects the law going forward, not just me – and making all sorts of warnings *except* for filling in any missing lines. I ascertained to him that there was no request for front pay, so that resolved one issue. The defense then received the relief it asked for in court – a further deposition. Then it decided against that, as I waited, trying to pick a date to bring my client in for that exact purpose.

      Mr. Milano represented to the Court in court that "we got the transcript back" without the additional information in the empty lines. That wasn't true and nothing in the letter brought that assertion to your attention – not my getting the transcript by email but that I gave back an incomplete transcript – until the conference. You then ordered a deposition, which I would have done. So, notwithstanding my failure to find the

transcript on my crashed Microsoft Entourage program, I cannot misrepresent my client and not ask you to reconsider your order. Discovery is supposed to avoid last-minute surprises like this. The entire issue came upon me like a whirlwind at the last minute because the defense did research at the last minute, and presumably, as you noted at the conference, the defendant itself could have as well when plaintiff was hired.

      All I am asking for now is for modest relief of filling in the information requested. I do not think that is much to ask for under these unpleasant but nevertheless last-minute circumstances. I am not suggesting I did a perfect job, but I came to your courtroom prepared to follow your orders. I did so and you allowed the defense to change its mind. Filling in these lines – when they were first brought up last week – is not much to ask for under the circumstances, and I respectfully ask that you reconsider your earlier order and allow Mr. Vasquez to do that.

Sincerely,

*Greg S. Antollino*

Gregory Antollino

Cc:    Joseph Milano

```
Application DENIED.  The responsibility for any delays in
disclosing this information about Plaintiff is Plaintiff's own.
The Clerk of Court is directed to terminate the motion at
Docket Entry 85.

Dated:     July 6, 2017              SO ORDERED.
           New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE